IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG MACK | § | |
| v. | § | CIVIL ACTION NO. 6:12cv852 |
| MICHAEL BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Craig Mack, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mack complains of the medical care which he received while confined at the East Texas Treatment Facility, a private correctional center falling under the Private Facility Contract Monitoring and Oversight Division of the Texas Department of Criminal Justice, Correctional Institutions Division. After review of the pleadings, the Magistrate Judge issued a Report stating that Mack had filed at least three previous lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim, and so was subject to the provisions of 28 U.S.C. §1915(g). That statute provides that inmates who have filed at least three previous lawsuits or appeals which have been dismissed under 28 U.S.C. §1915(g) cannot proceed under the *in forma pauperis* statute unless they show that they are in imminent danger of serious physical injury. In the present case, the Magistrate Judge concluded that Mack had failed to show that he was in imminent danger of serious physical injury; although Mack alleged, as he had in a prior case, that he was in imminent danger because his blood pressure was too high, the Magistrate Judge concluded that allegations of high blood pressure

1

do not themselves support a conclusion that an inmate is in imminent danger of serious physical injury for purposes of 28 U.S.C. §1915(g). The Magistrate Judge therefore recommended that Mack's application for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice as to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee.

Mack received a copy of the Magistrate Judge's Report on December 31, 2012, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 8) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. It should be noted that payment of the filing fee will not affect a frivolousness analysis under 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of February, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**